IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 3:15CR032-01 |
| v. | ) | |
| | ) | |
| LAURA SORENSEN, | ) | |
| | ) | |
| Defendants. | ) | |

### UNITED STATES' NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO SEAL SENTENCING EXHIBIT

Pursuant to Rule 49(E) of the Local Criminal Rules for this Court, the United States, by and through its attorneys, Dana J. Boente, United States Attorney, and the undersigned Assistant United States Attorneys, hereby submits this non-confidential memorandum in support of its Motion to Seal Exhibit. In support of the motion, the United States states the following:

I.  Reasons for Sealing

As part of its sentencing positions and motions for upward variance in this case, the United States is filing Exhibit 1. Exhibit 1 consists of photographs of the victim that depict various physical injuries suffered by the victim at the hands of the defendants. The photographs of the victim are graphic, sensitive, and confidential in nature. This Court previously issued a Supplemental Protective Order (Doc. No. 31) to protect these photographs from disclosure based on their sensitive and confidential nature. Based on the same concerns underlying the Supplemental Protective Order, the United States is seeking to file Exhibit 1 under seal. It does not appear that alternatives to sealing will suffice to protect the interest at issue because the photographs cannot be redacted and there are no apparent alternatives to sealing.

II.       <u>References to Governing Case Law</u>

As a general matter, the public and press have a qualified First Amendment right of access to judicial documents and records filed in judicial proceedings. *Company Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). The Fourth Circuit has held that the First Amendment right of access applies to "documents filed in connection with plea hearings and sentencing hearings in criminal cases." *In re Washington Post Company*, 807 F.2d 383, 390 (4th Cir. 1986). When the First Amendment right of access applies, access may be restricted to the documents when "necessitated by a compelling government interest" and when the denial of access is "narrowly tailored to serve that interest." *Id.* Accordingly, documents related to a criminal proceeding may be sealed where (1) closure serves a compelling interest; (2) there is a "substantial probability" that, in the absence of closure, the compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest. *Id.* at 392.

There is a compelling interest in protecting the victim's privacy and psychological well-being in this case, and that compelling interest justifies sealing Exhibit 1. *E.g.*, *Bell v. Jarvis*, 236 F.3d 149, 167-68 (4th Cir. 2000) (recognizing interest in privacy of child victim is compelling); *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (privacy of victim is a compelling interest that can justify closure of a courtroom); *United States v. Hitt*, 473 F.3d 146, 154 n.7 (5th Cir. 2006) (same). Moreover, there is a substantial probability that this compelling interest will be harmed absent sealing, and there does not appear to be an alternative to sealing— the photographs cannot be redacted and there are no other apparent alternatives to sealing the photographs. Finally, denial of public access to Exhibit 1 is a narrowly-tailored measure. The United States is filing its sentencing positions and motions for upward variance publicly, and

2

discusses in those documents the various injuries suffered by the victim. The sealing order will only restrict access to the photographs.

III.     Time Period for Sealing

The United States cannot determine a time period after which the interest addressed in this motion will subside to the point that the public interest in photographs will outweigh the interest in non-disclosure. Accordingly, the United States is requesting that Exhibit 1 be sealed until further order of the Court.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:      /s/
Heather L. Hart
Angela Mastandrea-Miller
Dominick S. Gerace
Assistant United States Attorneys
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: 804/819-5400
Fax: 804/771-2316
Heather.L.Hart@usdoj.gov
Angela.Miller3@usdoj.gov
Dominick.S.Gerace@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Mary E. Maguire, Esquire
701 E. Broad Street, Suite 3600
Richmond, VA 23219
Mary_Maguire@fd.org

Nia A. Vidal, Esquire
701 E. Broad Street, Suite 3600
Richmond, VA 23219
Nia_Vidal@fd.org

/s/
Heather L. Hart
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Heather.L.Hart@usdoj.gov